UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| PAUL SUNG, an individual, | ) | CASE NO.: |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OLD NATIONAL BANK, | ) | Removed from the Clark Superior Court |
| | ) | in Clark County, Indiana |
| Defendant. | ) | Cause No. 10D06-2303-CT-000044 |

### NOTICE OF REMOVAL

Old National Bank ("ONB" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, without waiving any defenses, including the defenses listed in Fed. R. Civ. P. 12, hereby gives notice of the removal of this action from the Clark Superior Court, State of Indiana, to the United States District Court for the Southern District of Indiana, New Albany Division. In support, Defendant respectfully shows the Court as follows:

### I. INTRODUCTION

This matter is properly removable because it is founded on claims arising under the laws of the United States, in that Plaintiff has asserted claims under Title VII, 42 U.S.C. § 2000e; 42 U.S.C. § 1983; the Fair Housing Act, 42 U.S.C. § 3604; the Equal Credit Opportunity Act, 15 U.S.C 1691; and the Home Mortgage Disclosure Act, 12 U.S.C. § 2801. Further, this Court has supplemental jurisdiction over Plaintiff's state-law claim. Thus, this Court can properly exercise jurisdiction over this action in its entirety.

### II. PROCEDURAL HISTORY

1. Plaintiff Paul Sung, an individual ("Plaintiff") commenced this action on March 2, 2023 by filing his Complaint in the Clark Superior Court, Indiana (Case No. 10D06-2303-CT-

000044). *See* **Exhibit A,** Complaint. ONB first received a copy of the initial pleading in this action by certified mail on May 24, 2023. ONB is filing this notice within thirty (30) days from the date this action first became removable. *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"); *Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (finding 30-day removal period runs from date of service of summons and complaint).

2. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of civil actions. Written notice of the filing of this Notice of Removal has been served upon Plaintiff, and a copy of this Notice of Removal along with the Notice of Filing Notice of Removal, will be filed promptly with the Clark Superior Court, State of Indiana. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

3. True and correct copies of all process pleadings, and orders filed in the state court action are attached hereto as **Exhibit C** in accordance with 28 U.S.C. § 1446.

4. The United States District Court for the Southern District of Indiana, New Albany Division, is the federal district and division embracing the Clark[1] Superior Court, Indiana. *See* 28 U.S.C. §§ 94(b)(4) and 1441(a).

### III. FEDERAL JURISDICTION

5. This action is properly removable pursuant to 28 U.S.C. § 1441(a), which provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

---

[1] It is unclear why Plaintiff elected to file his Complaint in Clark County, given that he has alleged that Evansville is Plaintiff's place of residence as well as ONB's principal place of business. In Paragraph 5 of his Complaint, Plaintiff alleges that Evansville is in Jefferson County. This is of course incorrect—Evansville is located within Vanderburgh County—and this allegation would not in any event support venue in Clark County. Had Plaintiff properly filed his complaint in Vanderburgh County, which is the county of preferred venue under Indiana Trial Rule 75, this action would have been removed to the Evansville Division. Accordingly, ONB intends to seek transfer to the Evansville Division following removal.

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. This Court has original jurisdiction under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Plaintiff's Complaint asserts several claims arising under the laws of the United States—namely, Title VII, 42 U.S.C. § 2000e (Count I); 42 U.S.C. § 1983 and the Equal Protection Clause of the 14th Amendment (Count II); the Fair Housing Act, 42 U.S.C. § 3604 (Count III); the Equal Credit Opportunity Act, 15 U.S.C 1691 (Count IV); and the Home Mortgage Disclosure Act, 12 U.S.C. § 2801 (Count V). *See* Complaint ¶¶ 14-43. Thus, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

8. Further, under 28 U.S.C. § 1367, this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

9. In Count VI of the Complaint, Plaintiff asserts a single state-law claim arising under the Indiana Civil Rights Act based on the same allegations giving rise to the federal claims. *See* Complaint ¶¶ 44-49. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state-law claim.

10. Accordingly, this case is properly removable, as this Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States and this Court has supplemental jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1367.

## IV. ADOPTION AND RESERVATION OF DEFENSES

Nothing in this notice of removal is intended to amount to a waiver or relinquishment of Defendant's rights or defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction and issue all necessary orders and process to remove this action from the Clark Superior Court, Indiana, to the United States District Court for the Southern District of Indiana, New Albany Division. Defendant further prays that this Court proceed with the handling of this case as if it had been originally filed in this Court, and that further proceedings in the state court be hereby stayed.

## **VERIFICATION**

Per Local Rule 81-2, I hereby verify under penalties for perjury that the State Court Record attached hereto is complete as of the date of this Notice of Removal.

Dated: June 20, 2023                             Respectfully Submitted,

By:   */s/ L. Katherine Boren*

**STOLL KEENON OGDEN PLLC**
Clay W. Havill, #27149-49
L. Katherine Boren, #26169-49
One Main Street, Suite 201
Evansville, Indiana 47708
(812) 759-3854 phone
(812) 421-4936 fax
clay.havill@skofirm.com
katie.boren@skofirm.com

*Counsel for Defendant, Old National Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed via the CM/ECF system that will send notification to all counsel/parties of record and/or via electronic mail, along with mailing copies via Certified Mail and United States Mail, postage prepaid, this 20th day of June, 2023.

Paul Sung, *Pro Se*
1413 N. Ruston Ave.
Evansville, IN  47711
Email:  sungpaul633@gmail.com

/s/  *L. Katherine Boren*
L. Katherine Boren